## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA
## TULSA DIVISION

| | |
|---|---|
| (1) BRIAN LINDSEY, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>(1) MAGELLAN MIDSTREAM PARTNERS, LP,<br><br>    Defendant. | Case No. 4:19-cv-00646-JED-JFJ<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Brian Lindsey (Lindsey) brings this lawsuit to recover unpaid overtime wages and other damages from Magellan Midstream Partners, LP (MMP) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2. Lindsey worked for MMP as a Welding Inspector.

3. Lindsey and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

4. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, these workers received a flat amount for each day worked (a "day rate") without overtime compensation.

6. Lindsey and the Putative Class Members never received a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## RELATION TO OTHER CASES

8. In accordance with Local Rule 3.1, this matter is not related to any other previously filed cases in this Court.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because MMP maintains its headquarters in this District and Division.

11. Specifically, MMP maintains its headquarters and conducts substantial business in and around Tulsa, Oklahoma.

## PARTIES

12. Lindsey worked for MMP as a Welding Inspector from approximately May 2019 until November 2019.

13. Throughout his employment with MMP, Lindsey was paid a day rate with no overtime compensation.

14. Lindsey's written consent is attached as Exhibit 1.

15. Lindsey brings this action on behalf of himself and all other similarly situated workers who were paid by MMP's day rate system.

16. Each of these workers received a flat amount for each day worked and did not receive overtime for hours worked in excess of 40 in a workweek in violation of the FLSA.

17. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of MMP, who were paid a day rate with no overtime at any time during the past 3 years (Putative Class Members).**

18. The Putative Class Members are easily ascertainable from MMP's business and personnel records.

19. Defendant MMP is a Delaware corporation that maintains its headquarters in Tulsa, Oklahoma. MMP may be served with process by serving its registered agent: **The Corporation Company, 1823 South Morgan Road, Oklahoma City, Oklahoma 73128**.

## COVERAGE UNDER THE FLSA

20. At all relevant times, MMP has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

21. At all relevant times, MMP has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

22. At all relevant times, MMP has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). MMP has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

23. In each of the last 3 years, MMP has had annual gross volume of sales made or business done of at least $1,000,000.

24. At all relevant times, Lindsey and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

25. MMP's uniform day rate scheme, depriving its employees of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

26. MMP is an "oil pipeline, storage and transportation company" with operations throughout the Southwest United States.[1]

27. To complete its business objectives, MMP hires personnel, such as Lindsey, to perform inspection services.

28. Many of these individuals worked for MMP on a day rate basis (without overtime pay).

29. These workers make up the proposed Putative Class.

30. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

31. For example, Lindsey worked for MMP as a Welding Inspector from approximately May 2019 until November 2019 in Colorado City, Texas.

32. As a Welding Inspector, Lindsey's primary job duties included performing inspections on welded products and structures to ensure projects are completed to MMP and/or its clients' specifications.

33. Lindsey did not have any supervisory duties.

34. Lindsey did not hire or fire employees.

35. Lindsey did not exercise discretion and judgment as to matters of significant.

36. To the contrary, Lindsey worked with his hands.

37. Lindsey performed manual labor.

38. Lindsey worked in the elements.

39. Lindsey does not work in an office.

40. Lindsey does not manage a business unit.

41. Lindsey was a blue-collar worker.

---

[1] https://www.magellanlp.com/AboutUs/Default.aspx (last visited November 21, 2019).

42. Throughout his employment with MMP, he was paid on a day rate basis.

43. Specifically, Lindsey received a day rate of approximately $152/day.

44. Lindsey and the Putative Class Members work for MMP under its day rate pay scheme.

45. Lindsey and the Putative Class Members do not receive a salary.

46. If Lindsey and the Putative Class Members did not work, they did not get paid.

47. Lindsey and the Putative Class Members receive a day rate.

48. Lindsey and the Putative Class Members do not receive overtime pay.

49. This is despite the fact that Lindsey and the Putative Class Members typically work 10 or more hours a day, for as many as 6 days a week, for weeks at a time.

50. Although Lindsey typically works 6 days a week, for 10 or more hours a day, he did not receive any overtime pay.

51. Lindsey and the Putative Class Members receive the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

52. Lindsey and the Putative Class Members must follow MMP and/or its clients' policies and procedures.

53. Lindsey and the Putative Class Members' work must adhere to the quality standards put in place by MMP and/or its clients.

54. At all relevant times, MMP and/or its clients maintained control, oversight, and direction of Lindsey and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

55. Lindsey's work schedule is typical of the Putative Class Members.

56. MMP controls Lindsey and the Putative Class Members' pay.

57. Likewise, MMP and/or its clients' control Lindsey and the Putative Class Members' work.

58. Lindsey and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

59. MMP knows Lindsey and the Putative Class Members work for 10 or more hours a day, for as many as 6 days a week.

60. MMP's records reflect the fact that Lindsey and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

61. Lindsey and the Putative Class Members do not receive overtime for hours worked in excess of 40 in any of those weeks.

62. Instead, Lindsey and the Putative Class Members are paid on a day rate basis.

63. MMP and/or its clients set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directive, and its (or its clients') policies and procedures.

64. While working for MMP, MMP controlled all the significant or meaningful aspects of the job duties Lindsey and the Putative Class Members perform.

65. MMP exercises control over the hours and locations Lindsey and the Putative Class Members work, the tools and equipment they use, and the rates of pay they receive.

66. Even though Lindsey and the Putative Class Members work away from MMP's offices without the constant presence of MMP supervisors, MMP still controls significant aspects of their job activities by enforcing mandatory compliance with its (or its clients') policies and procedures.

67. Very little skill, training, or initiative is required of Lindsey and the Putative Class Members to perform their job duties.

68. Indeed, the daily and weekly activities of Lindsey and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by MMP.

69. MMP prohibits Lindsey and the Putative Class Members from varying their job duties outside of the predetermined parameters and requires Lindsey and the Putative Class Members to follow MMP's (or its clients') policies, procedures, and directives.

70. Lindsey and the Putative Class Members perform routine job duties largely dictated by MMP (or its clients).

71. All of the Putative Class Members perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

72. All of the Putative Class Members work similar hours and are denied overtime as a result of the same illegal pay practice.

73. All of the Putative Class Members work in excess of 40 hours each week.

74. MMP uniformly denies Lindsey and the Putative Class Members overtime for the hours they work in excess of 40 hours in a single workweek.

75. Lindsey and the Putative Class Members are not employed on a salary basis.

76. Lindsey and the Putative Class Members do not, and have never, received guaranteed weekly compensation irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

77. MMP's day rate policy violates the FLSA because it deprives Lindsey and the Putative Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

78. MMP knew Lindsey and the Putative Class Members worked more than 40 hours in a week.

79. MMP knew, or showed reckless disregard for whether, the Putative Class Members were not exempt from the FLSA's overtime provisions.

80. Nonetheless, Lindsey and the Putative Class Members were not paid overtime.

81. MMP knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

82. Lindsey brings this claim as a collective action under the FLSA.

83. The Putative Class Members were victimized by MMP's pattern, practice, and/or policy which is in willful violation of the FLSA.

84. Other Putative Class Members worked with Lindsey and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

85. Based on his experiences with MMP, Lindsey is aware that MMP's illegal practices are imposed on the Putative Class Members.

86. The Putative Class Members are similarly situated in all relevant respects.

87. The Putative Class Members are blue-collar workers.

88. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

89. The illegal day rate policy that MMP imposes on Lindsey is likewise imposed on all Putative Class Members.

90. Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

91. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

92. The overtime owed to Lindsey and the Putative Class Members will be calculated using the same records and using the same formula.

93. Lindsey's experiences are therefore typical of the experiences of the Putative Class Members.

94. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

95. Lindsey has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

96. Like each Putative Class Member, Lindsey has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

97. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

98. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and MMP will reap the unjust benefits of violating the FLSA.

99. Further, even if some of the Putative Class Members could afford individual litigation against MMP, it would be unduly burdensome to the judicial system.

100. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

101. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

102. Among the common questions of law and fact are:

    a. Whether MMP's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

    b. Whether MMP's violation of the FLSA was willful; and

    c. Whether MMP's illegal pay practice applied to the Putative Class Members.

103. Lindsey and the Putative Class Members sustained damages arising out of MMP's illegal and uniform employment policy.

104. Lindsey knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

105. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to MMP's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

106. MMP is liable under the FLSA for failing to pay overtime to Lindsey and the Putative Class Members.

107. Consistent with MMP's illegal day rate policy, Lindsey and the Putative Class Members are not paid the proper premium overtime compensation when they work more than 40 hours in a workweek.

108. As part of their regular business practices, MMP intentionally, willfully, and repeatedly engages in a pattern, practice, and/or policy of violating the FLSA with respect to Lindsey and the Putative Class Members.

109. MMP's illegal day rate policy deprived Lindsey and the Putative Class Members of the premium overtime wages they are owed under federal law.

110. MMP is aware, or should have been aware, that the FLSA required it to pay Lindsey and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

111. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

112. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

113. Those similarly situated employees are known to MMP, are readily identifiable, and can be located through MMP's records.

### CAUSE OF ACTION
### VIOLATION OF THE FLSA

114. Lindsey realleges and incorporates by reference all allegations in preceding paragraphs.

115. Lindsey brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

116. MMP violated, and is violating, the FLSA by failing to pay Lindsey and the Putative Class Members overtime.

117. MMP cannot meet its burden to demonstrate Lindsey and the Putative Class Members are exempt from overtime under the administrative exemption.

118. MMP cannot meet its burden to demonstrate Lindsey and the Putative Class Members are exempt from overtime under the executive exemption.

119. MMP cannot meet its burden to demonstrate Lindsey and the Putative Class Members are exempt from overtime under the professional exemption.

120. MMP cannot meet its burden to demonstrate Lindsey and the Putative Class Members are exempt from overtime under the highly compensated exemption.

121. MMP failed to guarantee Lindsey and the Putative Class Members a salary.

122. MMP failed to pay Lindsey and the Putative Class Members overtime.

123. MMP paid Lindsey and the Putative Class Members a day rate.

124. MMP knowingly, willfully, or in reckless disregard carries out this illegal pattern or practice of failing to pay Lindsey and the Putative Class Members overtime compensation.

125. MMP's failure to pay overtime compensation to these employees is neither reasonable, nor is the decision not to pay overtime made in good faith.

126. Accordingly, Lindsey and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

127. Lindsey demands a trial by jury.

**PRAYER**

WHEREFORE, Lindsey, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against MMP awarding Lindsey and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
TX Bar No. 24014780
OK Fed. ID. 14-145
**Andrew W. Dunlap**
TX Bar No. 24078444
OK Fed. ID. 14-148
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**